IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John N. Babb, # 11048-033, | ) | C/A No.: 1:10-3281-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Capt. Battle, Irwin County Detention Center; Director of Operations, Irwin County Detention Center; Property Officer, Irwin County Detention Center, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, who is proceeding *pro se*, is a prisoner in the Marion County Detention Center in Lebanon, Kentucky. Plaintiff was sentenced in February 2010 in the District of South Carolina and was transferred to Irwin County Detention Center ("ICDC") to await the Atlanta airlift to the BOP  Plaintiff brings this action seeking compensation from Defendants, who are employees of the Irwin County Detention Center ("ICDC") in Ocilla, Georgia. Plaintiff's complaint alleges Defendants mishandled and lost Plaintiff's personal property identified as five books valued at $35, 25 family photos "that are priceless," and a $10.70 money order. Because Plaintiff was not allowed to take any personal property to the Atlanta airlift, Plaintiff had his wife/girlfriend[1] mail the money order to ICDC to pay for ICDC to mail the books and photos to her upon his transfer from ICDC in April 2010. ICDC allegedly mailed Plaintiff's personal property to another

---

[1] In his complaint, Plaintiff refers sometimes to his "girlfriend" and once to his "wife." The undersigned assumes they are the same individual.

inmate named Dobbs in error. Plaintiff alleges that ICDC has failed to respond to this and his wife/girlfriend's numerous requests that Plaintiff be paid for the lost books and photos and for the cost of the money order. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.[2] Because the proper venue in this case is the United States District Court for the Middle District of Georgia, Plaintiff's case should be transferred to the Valdosta Division of that court.

I. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief

---

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) and (e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). This mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II. Discussion

Assuming without deciding that that the complaint alleges sufficient facts to establish federal court jurisdiction, the proper venue is not the District of South Carolina. Appropriate jurisdiction and venue for this case appear to be in the United States District Court for the Middle District of Georgia, in the court's Valdosta Division, which includes Irwin County, Georgia, where the Irwin County Detention Center is located and where

3

Defendants presumably reside. Pursuant to 28 U.S.C. § 1391(b), Plaintiff's claim may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The instant case could have been brought in the Middle District of Georgia, where Defendants are located, where the alleged acts giving rise to this case occurred in the Irwin County Detention Center, and where, presumably, records and other evidence relevant to this action are maintained. *See* 28 U.S.C. § 1391. Therefore, in the interest of justice, it is recommended that the district judge transfer this action to the United States District Court for the Middle District of Georgia.

III    Conclusion

Accordingly, it is recommended that the court order the Clerk of Court to transfer this action to the Valdosta Division of the Unites States District Court for the Middle District of Georgia. The Clerk of Court should also adjust the docket to reflect the parties as they appear in the caption of this Report and Recommendation.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 10, 2011  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**