IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John N. Babb #11048-033, | ) | Civil Action No. 1:10-cv-3281-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Capt. Battle, Irwin County Detention | ) | |
| Center; Director of Operations, Irwin | ) | |
| County Detention Center; Property Officer, | ) | |
| Irwin County Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a prisoner in the Marion County Detention Center in Lebanon, Kentucky. Plaintiff was sentenced in February 2010 in the District of South Carolina. He was transferred to Irwin County Detention Center in Ocilla, Georgia to await transport to his current location of confinement. Plaintiff alleges that during his transport from Irwin County to Kentucky various personal effects were lost and/or mishandled.

The Magistrate Judge has recommended transferring this action to the Valdosta Division of the United States District Court for the Middle District of Georgia. (Dkt. No. 13). The Plaintiff has failed to object.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28

U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Having reviewed the Magistrate Judge's report and recommendation for any errors of law, and finding none, this Court adopts the Magistrate Judge's recommendation as the Order of this Court. Here, Plaintiff was allowed to proceed in this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. In an action proceeding under this statute, this Court is permitted to review the pleadings to ensure that the action is properly before it. In reviewing the Record, the Court agrees with the Magistrate Judge that this matter should be transferred to the United States District Court for the Middle District of Georgia. Without deciding that that the complaint alleges sufficient facts to establish federal court jurisdiction, the proper venue is not the District of South Carolina. The proper venue for this matter appears to be in the United States District Court for the Middle District of Georgia, in the court's Valdosta Division, which includes Irwin County, Georgia, where the Irwin County Detention Center is located and where Defendants presumably reside. Pursuant to 28 U.S.C. § 1391(b), Plaintiff's claim may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The instant case could have been brought in the Middle District of Georgia, where Defendants are located, where the alleged acts giving rise to this case occurred in the Irwin County Detention Center, and where, presumably, records and other evidence relevant to this action are maintained. *See* 28 U.S.C. § 1391.

Therefore, in the interest of justice, it is recommended this matter is transferred to the United States District Court for the Middle District of Georgia. The Clerk is directed to take the appropriate steps to effectuate the transfer outlined herein.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 2 , 2011
Charleston, South Carolina