# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

JOHN N. BABB,

        Plaintiff

VS.

Captain BATTLE, *et al.*,

        Defendants

NO. 7:11-cv-28 (HL)

**O R D E R**

      On December 29, 2010, plaintiff **JOHN N. BABB** filed this 42 U.S.C. § 1983 lawsuit, along with a request to proceed *in forma pauperis*, in the United States District Court for the District of South Carolina. By order dated March 2, 2011, Judge Richard Mark Gergel of said court transferred the case to this Court.

      In his complaint, plaintiff alleges that the defendants, who are employees of the Irwin County Detention Center ("ICDC"), where plaintiff was previously confined, mishandled and lost plaintiff's personal property in connection with plaintiff's transfer from the ICDC to a Kentucky facility. Said property included 5 books valued at $35.00, 25 family photos "that are priceless," and a $10.70 money order. Apparently, the ICDC property officer mailed plaintiff's belongings to another inmate named Dobbs. Plaintiff files this action seeking reimbursement for his personal items.

      Solely for purposes of this Court's dismissing plaintiff's complaint, leave to proceed *in forma pauperis* is hereby **GRANTED**.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. DISCUSSION

Even assuming the facts as alleged by plaintiff are true, he at most alleges that ICDC officials were negligent in losing his property. Neither negligent nor intentional deprivations of property by a state employee constitute due process violations if a meaningful post-deprivation remedy is available. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 539 (1981). Georgia tort law offers a remedy for prison officials' unlawful deprivation of an inmate's property. *See* O.C.G.A. § 51-10-1; *Byrd v. Stewart*, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Such a cause of action still remains available to

plaintiff.[1] Because plaintiff has adequate post-deprivation remedies available, he has failed to allege a violation of his Fourteenth Amendment rights.

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED**, this 7th day of March, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

---

[1] O.C.G.A. § 9-3-32 provides: "Actions for the recovery of personal property, or for damages for the conversion or destruction of same, shall be brought within four years after the right of action accrued."